**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Walter Mitchell,                                      Case No. 3:18CV784

            Plaintiff

            v.                                              **ORDER**

Toledo Metro Credit Union,

            Defendant

This is a suit under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*

Plaintiff Walter Mitchell is a permanently blind resident of Ohio. (Doc. 1 at ¶4). He uses a screen reader to access the Internet and read website content. (*Id.* at ¶¶4, 9). Defendant Toledo Metro Credit Union (Credit Union) is a federal credit union that maintains a physical location in Toledo and makes certain of its services available on its website, www.toledometro.com. (*Id.* at ¶6).

Mitchell alleges that he tried to navigate the Credit Union's website, but a number of impediments on the site –missing alternative text, empty or missing form labels, and redundant alternative text – make it impossible for him to use the site. (*Id.* at ¶¶4–5, 15). He contends that the Credit Union's failure to remedy these defects violates the ADA, which prohibits discrimination on the basis of disability in public accommodations, including, according to Mitchell, websites.

Pending is the Credit Union's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 3). For the following reasons, I grant the motion and dismiss the case because Mitchell lacks standing.

**Background**

The Credit Union is a "multiple common bond credit union with a single branch located in Toledo[.]" (Doc. 3–1 at 5).

In accordance with federal law, membership in the Credit Union is not open to the public at large. *See* 12 U.S.C. § 1759(b)(2). Rather, membership is available only to those "[p]ersons who live, work, worship, or attend school, in Lucas County, Ohio" or "[s]pouses of persons who died while within the field of membership of this credit union; employees of this credit union; members of the immediate family or household; organizations of such persons." (Doc. 3–1 at 9) (citing www.toledometro.com/au-join.html).

Mitchell is not a member of the Credit Union. Nor does he allege that he lives or works in Lucas County, or that he is otherwise within the membership field.

He does, however, belong to a separate credit union, the Kemba Credit Union. (Doc. 1 at ¶6).

Both Kemba and the Credit Union are participants in the "Co-Op Shared Branch" network of credit unions, which allows members of one credit union to use some of the facilities and services of other member credit unions. (*Id.*). For that reason, Mitchell contends, he is entitled to "avail himself of [the Credit Union's] facilities, services and amenities," including the services available on the Credit Union's website. (*Id.*).

**Standard of Review**

"Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two varieties: a facial attack or a factual attack." *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017).

"A facial attack on the subject-matter jurisdiction . . . questions merely the sufficiency of the pleading." *Id.* "A factual attack . . . raises a factual controversy requiring the district court to weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.*

Here the Credit Union argues that Mitchell's complaint does not allege that he suffered an injury in fact that is attributable to its conduct. Its motion therefore raises a facial attack, and I "take[ ] the allegations in the complaint as true, just as [I do when reviewing] a Rule 12(b)(6) motion." *Id.* (internal quotation marks omitted).

**Discussion**

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540, 1547 (2016). The doctrine "seeks to ensure the plaintiff has a personal stake in the outcome of the controversy." *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017).

The "irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, *supra*, --- U.S. at ---, 136 S. Ct. at 1547 (internal citations and quotation marks omitted).

"To establish an injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal quotation marks omitted).

The Credit Union argues that Mitchell lacks standing because, given that he is not a member, he has no right to use the services that are available on its website.

Mitchell responds that his membership in Kemba Credit Union entitles him, by virtue of its co-sharing agreement, to enjoy the facilities and services of the Credit Union, including the services on its website. (Doc. 4 at 9). He contends that the Credit Union has "concede[d] that [he] is entitled to conduct certain financial services at its physical facility even if he is not a member of" the Credit Union. (*Id.*).

As *Spokeo*, *supra*, makes clear, "a plaintiff must allege that the defendant caused him to suffer an 'injury in fact,' i.e. 'an invasion of a legally protected interest' that is 'concrete and particularized,' actual and imminent,' and 'not conjectural or hypothetical.'" *Carello v. Aurora Policemen Credit Union*, 2018 WL 3740545, *1 (N.D. Ill. 2018).

Mitchell has failed to allege such an injury.

He is not a member of the Credit Union, and he has not alleged that he is likely to become a member – or even become eligible for membership – any time soon. He thus has no right, and is unlikely to acquire the right, to use the services available on www.toledometro.com.

Accordingly, "even if the [Credit Union's] website were made accessible to people who are blind, any increased accessibility of the website would not be of any material benefit to [him]. And since the relief [Mitchell] seeks would not benefit him, he has failed to allege an injury in fact." *Carello*, *supra*, 2018 WL 3740545 at *1.

District courts across the county have reached the same conclusion, including in one case in which Mitchell himself was the plaintiff. *See Mitchell v. Dover-Phila Federal Credit Union*, 2018 WL 3109591, *4–5 (N.D. Ohio 2018) (Pearson, J.); *see also Griffin v. Dep't of Labor Federal Credit Union*, 293 F. Supp. 3d 576, 579 (E.D. Va. 2018) ("Without membership or even the ability to become a member, there is no harm to plaintiff resulting from his inability to access information about [the credit union's services on its website]."); *Carroll v. Roanoke Valley Cmty. Credit Union*, 2018 WL 2921106 (W.D. Va. 2018) (same).

That the Credit Union and Kemba Credit Union are part of the Co-Op Shared Branch does not change the result. The co-sharing agreement simply entitles Kemba members to use the Credit Union's ATMs and branch locations. *See* https://www.kemba.com/services-tools/account-services/shared-branches.html. It does not allow Kemba members to conduct online banking on another credit union's website. *See id.*

Finally, Mitchell's allegation that his inability to access the Credit Union's website has caused him "dignitary harm" does not mean he has standing.

An intangible harm may, in the right case, satisfy the injury-in-fact requirement. *Griffin v. Bank of America, N.A.*, 226 F. Supp. 3d 899, 902 (N.D. Ohio 2016) (Nugent, J.). But generally this is so only if "(1) the intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit and (2) Congress identified and elevated the intangible harm to the status of a legally cognizable injury." *Id.*

The injury that Mitchell alleges – an affront to his dignity resulting from his inability to use the online-banking services on the Credit Union's website – is not one that "Congress identified and elevated . . . to the status of a legally cognizable injury."

As the court explained in *Griffin*, *supra*, 293 F. Supp. 3d at 579, "the ADA's accessibility requirements for places of public accommodation are designed to allow disabled persons to access and patronize public accommodations, and plaintiff does not cite a single case where a dignitary harm alone was sufficient to confer standing on a plaintiff who was not allowed to patronize a particular public accommodation."

Because the ADA does not grant plaintiff any right to access the Credit Union's website that he otherwise lacks by virtue of not belonging to the Credit Union, the dignitary harm that he suffered when trying unsuccessfully to use the website does not confer standing.

## Conclusion

It is, therefore,

ORDERED THAT defendant's motion to dismiss (Doc. 3) be, and the same hereby is, granted, and plaintiff's complaint (Doc. 1) be, and the same hereby is, dismissed for lack of standing.

/s/ James G. Carr
Sr. U.S. District Judge